IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FAITH COLE**                                                                         **PLAINTIFF**

**V.**                                    **CAUSE NO. 3:13-CV-986-CWR-LRA**

**SOUTHERN FAMILY MARKETS OF**                      **DEFENDANTS**
**MERIDIAN, LLC,** *doing business as*
**PIGGLY WIGGLY; C&S WHOLESALE**
**GROCERS,** *a Corporation*

## ORDER

Before the Court is the defendants' motion for summary judgment. Docket No. 23. The plaintiff has responded, Docket Nos. 26-27, the defendants have replied, Docket No. 29, and the Court is ready to rule.

**I.**      **Factual and Procedural History**

On October 27, 2009, Faith Cole slipped and fell while exiting the Piggly Wiggly in Meridian, Mississippi. Docket No. 1-2, at 5-6. She filed this suit claiming that the store's failure to mop up or warn her about water on the floor breached its duty to provide her a reasonably safe premises. *Id.* at 8-9. Cole sought damages for her past medical bills (~$12,500), future medical bills, and pain and suffering. *Id.* at 12; Docket No. 1-3. A demand letter seeking over $100,000 brought the case within the jurisdiction of this Court. Docket No. 1-3.[1]

The defendants' motion argues that Cole's claim fails because she has no evidence about how long the water was on the floor, which means she cannot show that the store knew of a dangerous condition. Docket No. 24, at 4.

In response, Cole contends that the store had actual or constructive knowledge of the water because the store manager's incident report listed the weather as "raining / poor." Docket

---

[1] The action was removed to this Court from the County Court of Lauderdale County, Mississippi.

No. 26, at 4. A surveillance video shows that the parking lot was wet, she adds. *Id.* at 4-5. Cole also claims the store was negligent in placing a mat several feet inside the door, rather than at the threshold where the water was located. *Id.* at 5. Finally, she argues that the store's failure to regularly inspect the area suggests constructive knowledge of a dangerous condition. *Id.* at 7.

## II.     Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations and quotation marks omitted); *see also Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010) ("With respect to an issue on which the nonmovant would bear the burden of proof at trial, if the movant for summary judgment correctly points to the absence of evidence supporting the nonmovant with respect to such an issue, the nonmovant, in order to avoid an adverse summary judgment on that issue, must produce sufficient summary judgment evidence to sustain a finding in its favor on the issue.").

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would

prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

**III.   Discussion**

    **A.   Mississippi Law**

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

Under Mississippi law, it is well-established that premises owners owe business invitees "a duty of reasonable care in keeping their premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008) (citations omitted). It also is clear that "a premises owner is not an insurer of the safety of invitees." *Id.*

Although the standard for slip and fall cases has been articulated in different ways,[2] the briefing shows that the parties agree on the following three-part standard:

> [F]or a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or, (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995) (citations omitted).

---

[2] *See, e,g.*, *Miller v. R.B. Wall Oil Co.*, 970 So. 2d 127, 132 (Miss. 2007); *Fulton v. Robinson Indus., Inc.* 664 So. 2d 170, 175 (Miss. 1995). Federal courts interpreting Mississippi law are left with the unenviable task of pulling together as reasonably as possible these various articulations of the appropriate standard. As the Fifth Circuit has explained, "[t]he failure of many pre-*Tharp [v. Bunge Corp.*, 641 So. 2d 20 (Miss. 1994)] precedents to be overruled formally makes research by courts and litigants somewhat hazardous." *Wood. v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 281 n.9 (5th Cir. 2009).

**B.     The Evidence**

The parties have submitted a time-lapse surveillance video, an incident report completed by the manager, an affidavit from the manager, and Cole's deposition. Here is the state of the evidence.

*The Weather:*  There is no dispute that it was (or had been) raining. Cole testified that it was raining. The manager's incident report says it was raining. The video shows a wet parking lot but neither confirms nor denies that it was raining.[3]

*The Water:*  There is a fact dispute as to whether Cole slipped on water. Cole testified that there was water on the floor. In his incident report, the manager circled "N" on the "Object/Substance Found" question, but then circled "Y" to "Clearly Visible" and further recorded that he "cleaned up" the area at 6:00 PM, 20 minutes after Cole's fall, which suggests there was something to be cleaned up. The video shows several people assisting Cole after her fall and hovering around her, but no one points to anything on the ground or cleans a spill.

*The Mat:*  There is no dispute that a floor mat was located a few feet inside the automatic sliding doors.

*Safety Cones:*  There is no dispute that safety cones were in place. The manager's affidavit claims there were, and Cole only says she does not know. None are fully shown in the video, although the defendants claim a corner can be seen.

*The Store's Knowledge:*  Despite the rain, there is no evidence that the store knew or should have known that water was present where Cole fell. The manager says the area was regularly inspected. Cole does not dispute it; she does not know when the area was last inspected or swept. Cole has submitted nothing showing the store's inspection schedule or log, so she has

---

[3] Interestingly, the video shows that no one entering the store had or was using an umbrella or some other protective gear to cover their heads. Similarly, the video does not show those exiting the store yielding prior to exit so that they could cover their heads.

no evidence of a failure to inspect. (A blank entry on the manager's incident report is not necessarily evidence of a failure to inspect.) No witness says they saw water in the area.

**C.     Analysis**

Considering the evidence in the light most favorable to Cole, as the Court must at this juncture, it can be determined for summary judgment purposes that it was (or had been) raining, there was water on the threshold, the mat was several feet away from the threshold, safety cones were out, and the store had no actual or constructive knowledge of water on the threshold. The store's lack of knowledge means summary judgment is appropriate under *Downs* options two and three.

Cole's remaining path to trial requires her to have evidence that the store was negligent. She argues that the defendants were "negligent in their poor and/or inadequate placement of the rug to absorb the water on the floor. The evidence is undisputed that the floor mat was not placed at the threshold of the door as it should have been to absorb the water from the rain and/or customers shoes as they entered the store." Docket No. 26, at 5; *see also* Docket No. 23-1, at 14-15 (Cole's testimony that the store was negligent in where it placed the mat to absorb the water).

Our situation places us between two Mississippi Supreme Court decisions. In *Wallace v. J.C. Penney Co.*, 109 So. 2d 876 (Miss. 1959), the Mississippi Supreme Court considered a slip and fall just outside the entrance to J.C. Penney's. It had been raining; the conditions in Penney's exterior entryway were "wet, muddy and slick." *Id.* at 877. The court held that "the company was not required to keep a large force of moppers in this open entranceway to its store during the progress of the rain, in order to mop up the water and dirt as fast as it was tracked or blown in." *Id.* It continued, "[t]he wet and dirty condition of the floor of the foyer was caused by the continuing rains and by public use of the entrance-way. It was not caused by appellee, and the

5

evidence does not indicate any failure by appellee in its duty to maintain its premises in a reasonably safe condition, under the circumstances prevailing at the time." *Id.*

In *F.W. Woolworth Co. v. Stokes*, 191 So. 2d 411, 413 (Miss. 1966), however, the Mississippi Supreme Court affirmed a plaintiff's verdict where, while shopping inside Woolworth's, the plaintiff slipped on water located six to ten feet inside the store entrance. The evidence showed that it was rainy, the manager "knew water was being tracked into the store," no mats were placed on the floor despite the store's usual practice to do so in rainy conditions, and employees had not kept to their usual mopping schedule. *Id.* at 413, 417. The court found this evidence sufficient to sustain the verdict, despite the store's lack of actual or constructive knowledge of the water in question. *Id.* at 418.

One difference between these cases is the location where the plaintiff fell. On an intuitive level, a person may expect greater protection from the weather while inside a building (a mat, more frequent mopping, etc.) than while outside a building where the elements cannot be fully controlled. That is not much help to our case, though, since Cole's injury occurred *in limine*, literally between the store and the outside.

A more immediately useful distinction between the cases is the plaintiff's evidence about the store's culpability. Unlike Ms. Wallace, Ms. Stokes had evidence that the store had failed to follow its usual practice for rainy weather and failed to follow its usual cleaning schedule. From these deviations, a sufficient question of negligence could be presented for the jury's resolution. Other cases show that evidence of negligence need not come from the defendant itself; one slip and fall resolved by this court found that the plaintiff demonstrated a fact question by proffering a "safety expert [who] testified in deposition that the lack of a non-skid surface in the area of the drink dispenser . . . create[d] an unreasonably dangerous condition which caused [the plaintiff's]

6

fall and subsequent injury." *Merritt v. Wal-Mart Stores, Inc.*, 911 F. Supp. 242, 244-45, 247 (S.D. Miss. 1995). This provides plaintiffs an alternate route to try and establish negligence, should their preliminary investigation find the defendant's documentation or employees unsatisfactory.

Here, our case falls closer to *Wallace* than *Stokes*. Cole's only support for her negligence claim consists of speculation as to where the mat should have been placed. She has no evidence indicating that a mat could have been placed on the threshold, beneath the automatic sliding doors. She has no evidence that the store typically moved the mat to the threshold on rainy days, but failed to do on the day of her injury. Nor is there evidence of a history of persons slipping on the threshold, a pattern of which might have indicated some negligence in the store's ongoing placement of the mat. She has not met her burden on summary judgment to provide record evidence showing a genuine issue for trial. Speculation is not enough. *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Because the evidence is undisputed that the defendants had no actual or constructive knowledge of water on the threshold, and there is no evidence showing their negligence, summary judgment is appropriate.

## IV. Conclusion

The motion is granted.[4] A separate Final Judgment will issue.

**SO ORDERED**, this the 6th day of October, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[4] As a final matter, the Clerk of Court is hereby ordered to designate Docket No. 27-2 as "restricted." *See* Fed. R. Civ. P. 5.2(a). "Restricted" access means only the attorneys of record may view the document.

7